22-1546 is our next case, and it is United States v. Gunter. Mr. Bell. Before I start, I'd like to inform the court members that I'm going to place my cell phone on the podium next to me, and contrary to the rules outside, it is on. The reason for that is it controls my ability to turn, increase or decrease the volume in my hearing aids, and that's what I will use it for, but sound is off. May it please the court, I have the privilege of representing Mr. Buddy Gunter at both District Court and now here at this court. Mr. Gunter's perspective of what took place in the lower court is this. There are interests at stake that this court needs to consider. Those are, This court must decide whether a defendant's rights to a speedy trial that is embedded in the forming documents of this country and have been there since the foundation of the country for over 230 years, the right to speedy trial, is subservient to a prosecutor's desire to try a case with two conspirators, a conspiracy case with two conspirators sitting at the defense table, and that's a strategic advantage, and the court's concern about judicial resources and the conservation of them. Neither of those two concerns are as foundational to our society as the right to a speedy trial. So Mr. Bell, I mean, it's obvious that what's going on here is that Mr. Gunter is, after some initial things, Mr. Gunter is repeatedly indicating his desire for a speedy trial, and the government is proceeding as it quite normally does with a recognized interest in our law for criminal prosecutions, even if you're dealing with statutory Speedy Trial Act cases, the interest in keeping co-defendants together, making sure the results are consistent. It's not just a frivolous concern. There are a lot of serious issues underneath it. I recognize the Sixth Amendment mentions a speedy trial, but at the Sixth Amendment level, the really confronting the question whether we should acknowledge at all the government's preference for trying co-defendants together. If so, then to what degree, or maybe we should just throw that out as a factor. I can't tell, but you didn't really brief that. Well, the denial at that hearing, there was a hearing on the 14th day of April 2021. A trial was scheduled for the 19th day of 2021. Co-defendants, counsel had passed away. I'm aware of that. This is a person well known to this court, actually. Right, and certainly that raises issues, but the real interests that were at stake on that hearing on the 14th of April were the issues, interests, as I have said. Nobody was arguing. I'm not sure I agree with that because definitely the co-defendant needed a new lawyer. It was a tragedy. It was a very unfortunate thing that happened, but needed a new lawyer. It's clear that the district court thought that the big concern about a joint trial was the Bruton concern, which it had addressed and taken care of. There wasn't going to be a Bruton problem. I don't see a discussion of just saying that it's illegitimate to force somebody to go to trial later on in the face of a demand for a speedy trial if the only reason the government puts on the table is that it wants to try co-defendants together. Well, that's, our position is that whatever the government said is a discretionary with the judge. Whether it was tried together or separately, is it discretionary for the judge? The Sixth Amendment is not discretionary. It's the law. It's been the law for years. But judges have been entitled to keep the integrity of one prosecution together. And again, one wants consistent findings of fact by juries. One wants their efficiencies in presenting the evidence together. There are all sorts of reasons why this is the way it's usually done. And if I'm understanding you correctly, you think that that is never a factor that can be taken into account by a judge who is faced with a request for a speedy trial? If I understand you correctly, you're saying I said that it was never a factor? I think it's always a factor. But you're saying the Sixth Amendment right has to trumpet every time, though, and that's what I don't. That's exactly what I'm saying. So it's not a legitimate factor if it can never influence the decision? Well, I'm not sure I agree with that. But I just feel like that's what you're arguing. I can't hear the nuance that you're trying to get across. Our position is that the only interest that would have been sacrificed was the interest of a trial together. Before Mr. Gunter was ever arrested, two of the co-defendants had been arrested and pled guilty. There was no evidence showing that they tried to track him down and find where he was. It was nine months before he got arrested, and he got arrested because of a traffic stop, not because some officers or marshals were out trying to track him down. But our position is... I think Judge Rogner has a question. I'm sorry. Was there any point in the district court in which an argument was made that was supported by legal reasoning that a severance was required to protect the right to a speedy trial? There was a motion. A resistance to the continuance was filed. The motion to continue was filed on the 11th of April. There was a resistance filed on the 13th of April where we set out all of the times that Mr. Gunter had objected to a continuance and asserted his right to speedy trial. There was a number of those. In fact... What were those motions supported by legal reasoning? That's what I'm trying to find out. Well, we may have a different interpretation of what legal reasoning is, but when I say Sixth Amendment says he has a right to a speedy trial, that sounds like legal. That sounds like legal history. That sounds like legal reasoning. To me, Sixth Amendment says he gets to have a speedy trial. And she knew that's what it was about. Now, I think she mischaracterized it in the hearing because in a six-page motion and 31 paragraphs in it, it talked about all the times he had complained about speedy trial. And in the 30th paragraph, this writer, me, made an error, used careless language, and said, renews his prior motion. There had been a prior prudent motion, and that got resolved by the prosecutor taking the information out. So she seated on those three words and characterized my motion to continue or to sever as a prudent motion. That's not what it was. There was discussion in the record. We were fighting about his Sixth Amendment right to a speedy trial. Well, what she said was that you hadn't offered any legal support for a claim that there could be a severance based on the situation that did not involve a prudent or otherwise why his speedy trial rights would be impacted in a specific way. So in other words, she said that there was no argument that was legally supported that severance was required in order to protect his right to a speedy trial. I, other than my references to the Sixth Amendment, the court is right in that interpretation. I think I'm going to reserve this last 40 seconds just in case I have to do something here. Well, we'll give you more than 34 seconds. Okay. Thank you, Your Honor. You're very May I please the court? Good morning, Your Honors. Jeff Kinstra for the United States. The district court correctly denied the motion to dismiss here, finding that no speedy trial violation occurred. A period of more than one year before trial gives rise to a so-called presumption of prejudice, but not a presumption of dismissal. In fact, as this court has recognized, so long as the government proceeds with at least reasonable diligence, a defendant who fails to make a specific showing of prejudice as opposed to relying purely on a presumption won't make a speedy trial violation. So how long can the government delay a trial for person A because codefendant B has problems, whether it's the lawyer dying or whether codefendant D needs a competency examination or any of the thousand other things that could happen? Sure. So I think this court has recognized that, generally at least, continuances granted for one will not be held against the government just because it has elected to try the defendants together. There are very good reasons for that, as Your Honor has noted earlier. To your question, on the fringes, I think that could be relevant. If, for example, progress towards one codefendant's trial has just ground to a halt, maybe he's been found incompetent. He doesn't have a trial setting at that point. I think that would be something that a district court should consider. I think at that point, the district court would probably grant a severance. And this would all be under the Barker against Wingo framework. Right. And so to Your Honor's point, and to elaborate on that, this court and the Supreme Court have recognized that joint trials do serve very important public purposes. They promote efficiency in multiple different respects, and they also avoid what the Supreme Court has called the inequity of inconsistent verdicts. So when the government has a preference for joint trials, it's not just the government's preference, it's the court and the public's preference. As this court has said, used the term, this court has a strong preference for joint trials of particularly co-conspirators who are charged together. Mr. King, I mean, given that both the government and Gunter were ready to proceed to trial on April 19th, and Gunter seems to have sought to assert his right to a speedy trial, why should any continuance have been granted for maternity leave when the case could instead have been severed and tried immediately? In other words, why should the preference to try the case together override his right to a speedy trial? So I don't think it does override. And two points. First, I think to some extent, the defendant's begging the question because whether a speedy trial violation has occurred depends, of course, in part on the reasons for the delay. And so when the reasons are valid, like here, then it's not something that weighs against the government or would contribute toward a speedy trial violation. In terms of the severance, of course, we're not here on a claim for a denial of severance. Our focus is the speedy trial. So we look at the reasons for the delay. And even if, to be sure, the defendant here would have preferred a severance to a continuance, but we know that the court granted a continuance. And so we look at the reasons for that. Is that an intentional delay? Is it a negligent delay? Or is it the sort of delay that's more justified? And so it doesn't weigh very heavily in the analysis. I note as well, in response to your questions earlier, Judge Rovner, the defendant never actually presented a Sixth Amendment claim to the district court in support of a claim for severance. As Mr. Bell acknowledged this morning, what his motion actually said was that he renews his prior motion to sever. And of course, the ground for that was the Bruton issue that had already been mooted by the government's agreement to redact the confession. That was what he said in his motion. He didn't raise the severance request at all at the oral argument where the district court granted a continuance. So there's really nothing more for the district court to say about this. I would note Mr. Bell said this morning that his motion cited the Sixth Amendment. I don't recall that his motion actually did cite the Sixth Amendment. To be clear, it reflected that he wanted a speedier trial. But it's one thing to say, I want a severance in order to receive a speedier trial versus I want a severance because otherwise my constitutional rights are going to be violated. The latter request is not what the defendant said. And so really the district court acted well within its discretion based on the arguments that had been made to it in granting a continuance, which was perfectly justified as to Gromit. And then absent a severance, it was equally justified as to Guenther. I note in closing that even if we were to assume, excuse me, that the entire four months delay at the end was attributable to the government, that still wouldn't produce a speedy trial violation. In that event, four months out of the 23-month period would be attributable to the government. But even then, it's not the sort of delay that's intentional or negligent. It would really weigh heavily in the analysis. Well, I take it Mr. Guenther did not, other than this resolved question about Bruton, point to any other sources of prejudice from the delay. Nobody died, as far as I know, or witnesses disappearing, or that sort of thing. That's correct. And on appeal, at least for the speedy trial purposes, he relies exclusively on a presumption of prejudice. He's made no specific showing of prejudice at all. I don't think he could. Now, something that he doesn't raise but is present is he was in custody for 13 months. That's something to consider. But the Supreme Court has recognized that's not as important a prejudice as prejudice to his ability to defend himself. And this court has recognized no speedy trial violation, even in other cases where defendants have been detained far longer. And so given the absence of a showing of intentional or negligent delay on the government's part, and the absence of any specific showing of prejudice, there is no speedy trial violation here. Unless your honors have any further questions, we'd ask this court to affirm. Thank you very much. Coming up, Mr. Bell, please. Thank you, Your Honor. I noticed that counsel didn't mention that later in the proceedings, uh, the government admitted it has the responsibility to give the defendants a speedy trial. That burden falls on the court and the government. And the government, even when you take into consideration the issue of the maternity leave and continue what I, the term is out of my head now, but continuance of counsel. Continuity of counsel. Thank you. Thank you, Your Honor. Continuity of counsel. That's still a discretionary event as opposed to a stat, a constitutional event of speedy trial. Now, certainly we, it makes sense that they want to have continuity of counsel. That's okay. I understand that. But at some point, Mr. Gunter's rights in the Sixth Amendment start counting a lot. And this isn't a case where he, in some of the cases cited by the government, the defendants responded. One went to Mexico for three years and all of these, and they said, well, that wasn't, that didn't hurt, no speedy trial violation. That's not what we got. We asked for two continuances because I needed time to see the documents and read and prepare. And every other time except once, every other time we demanded our speedy trial. The one time we didn't was a time that I was out of the district. I was going to be out of the district on the day of the pre-trial conference. I moved for a continuance. Judge Darrell moved our pre-trial conference one day, so I wasn't present when they made the motion for a continuance. So we couldn't make the record and we objected. So we missed three, two of them on purpose, one of them because of a scheduling issue. Thank you, Your Honor. Was there someone in front of Judge Darrell on that one occasion taking your place, Mr. Bell? No, we, she continued Mr. Gunter's hearing to the next day. So we were not represented at that hearing. Oh. Does anyone have a further question of Mr. Bell? No. Mr. Bell, thank you. Thank you. You were, you know, you were appointed by the court and thus you have the deep thanks of the court for taking on this appeal. Thank you very much. And of course, as always, thanks to the government for coming up here. Okay. This court is now in recess until tomorrow.